UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH ELYSEE MACENAT,

Petitioner,

v.

ANGELA DUNBAR et al.,

Respondents.

Case No. 1:26-cv-2832

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## **Discussion**

### **I. Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.22.) In an order entered on October 6, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus

should not be granted. (Order, ECF No. 5.) Respondents filed their response and a recording of the September 4, 2026, bond hearing on October 9, 2026, (Resp., ECF No. 6; Recording of Sep. 4, 2026, Bond Hearing, filed on Oct. 9, 2026), and Petitioner filed his reply on October 14, 2026, (ECF No. 7).

## II. Relevant Factual Background

Petitioner is a citizen of Haiti. (Notice to Appear (NTA), ECF No. 6-1, PageID.63.) Petitioner entered the United States on April 15, 2015, in Miami, Florida, and has remained in the United States since that time.[1] (*Id.*) On August 3, 2026, Petitioner was arrested by ICE in Champlain, New York. (Pet., ECF No. 1, PageID.5.)

On September 4, 2026, the Immigration Court held a § 1226 bond hearing. (*See* Resp., ECF No. 6, PageID.46–47.) At the conclusion of the September 4, 2026, hearing, the immigration judge denied Petitioner's request for bond, finding, "Denied, because mandatory [under § 1225]. Alternatively, [Petitioner] failed to meet his burden of showing he is not a danger and not a flight risk." (Immigration Judge Order, ECF No. 1-1, PageID.26.)

## III. Analysis

### A. Statutory Basis for Petitioner's Detention

Based on the facts presented by the parties, and the reasoning of the Sixth Circuit Court of Appeals in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), the Court concludes that § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention.[2]

---

[1] Petitioner was paroled into the United States under 8 U.S.C. § 1182(d)(5)(A) until April 14, 2016. (Form I-94, ECF No. 1-3, PageID.35 (indicating that Petitioner's "Class of Admission" is "CH").)

[2] Additionally, for the same reasons set forth in *Hernandez Montiel v. Raycraft*, No. 1:25-cv-1610, 2026 WL 32076 (W.D. Mich. Jan. 6, 2026), the Court disagrees with Respondents' argument that Petitioner's detention is governed by § 1225 because the NTA charged him as an "arriving alien" (*see* Resp., ECF No. 6, PageID.48–50).

### B. Burden of Proof at § 1226 Bond Hearing

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## IV. Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## Conclusion

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or

denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: October 20, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge